# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NUMBER 6:18-CR-00037-JCB-JDL |
| | § |
| ALONZO MACON JR. (3) | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 23, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Alonzo Macon Jr. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender Jon Hyatt.

Defendant originally pled guilty to the offenses of Count 1: Conspiracy to Possess With the Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base and 5 Grams or More of Methamphetamine (Actual), a Class B felony; and Count 5: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. The Count 1 offense carried a statutory maximum imprisonment term of 40 years, and the Count 5 offense carried a statutory maximum imprisonment term of a life sentence. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 60 to 63 months. On June 20, 2019, U.S. District Judge Robert W. Schroeder III of the Eastern District of Texas sentenced Defendant to a total of 120 months imprisonment. This term consisted of 60 months as to Count 1 and 60 months as to Count 5, to be served consecutively. The term of imprisonment was followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to

include financial disclosure and substance abuse treatment and testing. On March 16, 2021, the case was reassigned to U.S. District Judge J. Campbell Barker of the Eastern District of Texas. On December 12, 2024, Defendant's imprisonment sentence was ordered to be commuted by U.S. President Joseph R. Biden. On December 20, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to notify the probation officer within 72 hours if he was arrested or questioned by a law enforcement officer. In its petition, the government alleges that Defendant violated his conditions of supervised release when, after he was released from custody on July 9, 2025 for two of his arrests on July 5, 2025, and July 8, 2025, he failed to contact the probation officer until July 14, 2025, which was more than 72 hours later.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to report law enforcement contact within 72 hours, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 6 months imprisonment with 3 years supervised release to follow.

Therefore, the court **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to a period of 6 months imprisonment with 3 years supervised release to follow.

The court **FURTHER RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 24th day of July, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE